United States District Court
District of Massachusetts

|                                   |   |                   |
|-----------------------------------|---|-------------------|
| Kevin Maclean & Donna Maclean;    ) |                   |
|                                   ) |                   |
| Plaintiffs,                       ) |                   |
|                                   ) |                   |
| v.                                ) | Civil Action No.  |
|                                   ) | 16-11338-NMG      |
| Travelers Insurance Company;      ) |                   |
|                                   ) |                   |
| Defendant.                        ) |                   |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case involves a dispute about coverage under an insurance policy and, specifically, whether the owner of a speed boat is indemnified with respect to a purported boating accident that occurred in Boston Harbor. Kevin & Donna Maclean ("plaintiffs" or "the Macleans") seek a declaratory judgment that Travelers Insurance Company ("Travelers" or "defendant") is obligated to indemnify and defend William Fallon ("Fallon"), the owner of the M/V NIKKI, in a tort action arising from that incident. The tort claim is the subject of a separate proceeding, <u>Maclean</u> v. <u>Boston Harbor Mini Speed Boats</u> (14-cv-14288) ("the underlying action"), which is also pending in this session.

-1-

Now before this Court is defendant's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. For the following reasons, that motion will be denied with respect to subject matter jurisdiction but allowed for failure to state a claim.

I. **Background**

In August, 2013, the Macleans boarded the M/V NIKKI to enjoy a "lightning speedboat adventure". According to the Macleans, the speedboat was traveling at a high rate of speed when it crossed the wake of another boat, tossing the plaintiffs into the air. They allege that when they crashed down onto the vessel they were seriously injured.

The Commercial Marine Insurance Policy that is the subject matter of this action was issued by Travelers Property Casualty Company of America to William Fallon, effective from June 26, 2013 to June 26, 2014 ("the policy"). Although the renewed policy was in effect at the time of the alleged incident, the vessel was operated by Martin Cahill who was not named as an operator under the Named Operator Endorsement to the policy until two days after the accident. Travelers asserts that Cahill's operation of the vessel breached a policy warranty and, accordingly, it owes no duty to indemnify or defend Mr. Fallon in the underlying action.

Plaintiffs filed the present complaint in June, 2016, seeking 1) a declaration of rights that the policy covers the plaintiff's alleged injuries; 2) a declaration of rights that Travelers is obligated to indemnify and defend Mr. Fallon; and 3) costs and other relief the Court deems fair and appropriate. In response, the defendant filed the motion to dismiss currently before the court.

Because the Court agrees that Mr. Cahill's involvement breached the Named Operator Warranty, defendant's motion to dismiss will be allowed.

## II. The Policy

This dispute turns on two provisions of the Commercial Marine Insurance Policy. First, the policy's choice of law provision provides that "[t]his policy shall be interpreted in accordance with the provisions of Federal Maritime Insurance Law."

Second, the policy contains a Named Operator Endorsement, which provides in relevant part:

> Named Operator means the Named Insured and any other person, so designated by the Named Insured and approved by Us, to operate the insured vessel. Named Operators approved to operate the insured vessel are listed on the Named Operator Schedule included with this endorsement.
>
> It is hereby warranted that all coverage provided under this policy is null and void when the insured vessel is operated by anyone other than those persons listed on the Named Operator Schedule.

In May, 2017, Fallon "unconditionally and irrevocably" and "for good and valuable consideration received" assigned his rights under the policy to the Macleans for purposes of contesting Travelers' denial of coverage.

III. **Analysis**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering the merits of a motion to dismiss, the Court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. Nollet v. Justices of Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 248 F.3d 1127 (1st Cir. 2000). Furthermore, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). Although a court must accept as true all of the factual allegations contained in a complaint, that doctrine is not applicable to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662 (2009).

**A. Lack of subject-matter jurisdiction**

Defendant contends that this Court lacks subject matter jurisdiction over this case because plaintiffs lack standing and that the declaratory judgment requested by plaintiffs is not yet ripe. Both contentions are misguided.

The "irreducible constitutional minimum of standing" requires that a plaintiff 1) suffered an injury in fact, 2) fairly traceable to the actions of the defendant that is 3) likely to be redressed by a favorable judicial decision. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547(2016).

William Fallon assigned his rights under the policy to the Macleans "for purposes of contesting Travelers denial of insurance coverage" for the incident. Given that assignment, plaintiffs have a legal interest, are potentially injured by defendant's conduct and would be redressed by a declaratory judgment in their favor. Plaintiffs have standing to bring this action.

Defendant further contends that this declaratory judgment action is not ripe because the claimant has yet to resolve the underlying action against the tortfeasor. That contention also fails. Even though the plaintiffs have not yet established that "coverage extends to the claims against [the tortfeasor] does not render the claim unripe." Tocci Bldg. Corp. of New Jersey v. Virginia Sur. Co., 750 F. Supp. 2d 316, 323 (D. Mass. 2010).

Plaintiffs have standing and their claim is ripe.  The defendant's motion to dismiss for lack of subject matter jurisdiction will be denied.

**B.  Failure to state a claim upon which relief can be granted**

Defendant also maintains that plaintiffs have failed to state a claim because it is clear from the complaint that the named operator warranty in the policy was breached and thus coverage was voided.  Plaintiffs respond that Massachusetts law governs the policy, placing it within the ambit of M.G.L. c. 175 § 186. Under that statute, they contend, the warranty was either not breached or the breach did not void coverage.  In either case, plaintiffs maintain, the policy covers the incident.

Plaintiffs' theory is unavailing.  The clear language of the contract unambiguously places the incident outside the protection of the policy.

Maritime law, and not the law of the Commonwealth of Massachusetts, governs the contract.  Federal courts sitting in admiralty apply federal choice of law rules. <u>Szafarowicz</u> v. <u>Gotterup</u>, 68 F. Supp. 2d 38, 43 (D. Mass. 1999)(citing <u>State Trading Corp. of India</u> v. <u>Assuranceforeningen Skuld</u>, 921 F.2d 409, 414 (2d Cir.1990)) (additional citation omitted).  Under those rules, where a maritime contract includes a choice of law clause, that choice governs unless the jurisdiction has no

substantial relationship to the transaction or parties, or the law of that jurisdiction conflicts with the fundamental purposes of maritime law. Cashman Equip. Corp. v. Kimmins Contracting Corp., 2004 WL 32961, at *3 (D. Mass. Jan. 5, 2004) (citing Stoot v. Fluor Drilling Servs., Inc., 851 F.2d 1514, 1517 (5th Cir. 1988)) (additional citation omitted).

The policy contains an unambiguous choice of law clause providing that "[t]his policy shall be Interpreted in accordance with the provisions of Federal Maritime Insurance Law." Here, maritime law has a substantial relationship to the parties and, a fortiori, maritime law cannot conflict with the fundamental purpose of maritime law. Cf. Lloyd's of London v. Pagan-Sanchez, 539 F.3d 19, 26 (1st Cir. 2008) (deferring to insurance policy's choice of law clause in maritime insurance dispute).

Under maritime law, "a breach of a promissory warranty in a maritime insurance contract excuses the insurer from coverage." Id. at 24 (citations omitted). The Named Operator Endorsement is a promissory warranty because it is a provision "by which the insured stipulates that something shall be done or omitted after the policy takes effect and during its continuance." Id. (quoting 2 L.R. Russ & T.F. Segalla, Couch on Insurance § 81:14 (3d ed. 2008)).

Fallon acknowledged that the policy would be "null and void when the insured vessel is operated by anyone other than those

persons listed on the Named Operator Schedule." The incident occurred when someone other than a listed operator was operating the vessel. The policy's coverage does not extend to the incident.

Plaintiffs present a time-insensitive alternative that seeks to obscure the clear contractual text. Although they acknowledge that Mr. Cahill was not a named operator on August 12, 2013, the date of the accident, they emphasize that he was added to the named operator schedule two days later. They contend the policy is silent about <u>retroactive</u> <u>approval</u> and, because ambiguous insurance provisions are resolved against the insurer, the warranty was not breached. While the theory is clever, it does not square with the clear text of the policy which is void <u>when</u> operated by a non-listed operator. This Court declines to create ambiguity where none exists.

Accordingly, the Court concludes that Fallon breached the warranty of the policy and that Travelers has no duty to indemnify or defend him in this action. The defendant's motion to dismiss for failure to state a claim upon which relief can be granted will be allowed.

**ORDER**

For the foregoing reasons, defendant's motion to dismiss (Docket No. 7) is **ALLOWED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated October 26, 2017